**UNITED STATES of America, Plaintiff,**

v.

**James Wilbur BRADY, Edgar R. Porter, Defendants.**

**Crim. A. No. 87–00129–L(CS).**

United States District Court,
W.D. Kentucky,
Louisville Division.

March 7, 1988.

A. Duane Schwartz, Asst. U.S. Atty., Louisville, Ky., for U.S.

Frank E. Haddad, Jr., Louisville, Ky., for defendant, James Wilbur Brady.

Elmer George, Lebanon, Ky., for defendant, Edgar R. Porter, a/k/a Randy Porter.

## MEMORANDUM OPINION AND ORDER

SIMPSON, District Judge.

This matter is before the Court on motion of the defendants, Edgar R. Porter and James Wilbur Brady, to declare 21 U.S.C. § 841(b)(1)(A) unconstitutional. The Court believes that the citation is in error. The defendants are charged with trafficking in marijuana. Both the defendants and the United States refer to a quantity in excess of fifty (50) kilograms of marijuana. Neither subsection (A) nor (B) of § 841(b)(1) refers to such an amount. The defendants have recited § 841(b)(1)(A); however, that subsection refers to possession or manufacture of one thousand (1,000) kilograms or more of marijuana. The United States has recited § 841(b)(1)(B) which refers to possession or manufacture of one hundred (100) kilograms or more. It appears that the parties intended to address § 841(b)(1)(B), as the penalties to which they refer, imprisonment for a period of 5 to 40 years and a fine not to exceed $2,000,000.00, appear in that subsection. The Court will address the motion in regard to the penalties that are recited for the Court.

The defendants raise numerous challenges to the constitutionality of the mandatory minimum sentence of § 841(b)(1)(B) with no eligibility for probation or parole. They claim that the mandatory minimum sentence deprives them of due process of law by denying them individualized sentencing and establishing punishment based on drug quantity without regard to the purity of the drug or the role of the offender in commission of the crime. They claim that they are denied equal protection of law, as the statute does not distinguish between central and peripheral figures in the commission of the offense and that they are denied their Sixth Amendment right to counsel as a plea for leniency could not reduce the sentence below the minimum. Further, the defendants argue that the mandatory minimum sentence violates the separation of powers clause by usurping the power of the judiciary to impose a sentence and that such sentence constitutes cruel and unusual punishment.

21 U.S.C. § 841(b)(1)(B) provides:

In the case of a violation of subsection (a) of this section involving—

... (vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana;

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years, ... a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or $2,000,000 if the defendant is an individual ..., or both.

The penalties provision creates a range within which a defendant is sentenced. The punishment appropriate for the diverse federal offenses is a matter for the discretion of Congress, subject only to constitutional limitations, more particularly the Eighth Amendment. *Bell v. United States,* 349 U.S. 81, 82, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955). The Supreme Court has stated that:

In assessing a punishment selected by a democratically elected legislature against the constitutional measure, we presume its validity. We may not require the

legislature to select the least severe penalty possible so long as the penalty selected is not cruelly inhumane or disproportionate to the crime involved. And a heavy burden rests on those who would attack the judgment of the representatives of the people.

*Gregg v. Georgia,* 428 U.S. 153, 175, 96 S.Ct. 2909, 2926, 49 L.Ed.2d 859 (1976).

 "Whatever views may be entertained regarding severity of punishment, . . . these are peculiarly questions of legislative policy." *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405 (1958). A mandatory five-year sentence for importation of marijuana survived an Eighth Amendment constitutional challenge in *United States v. Avey,* 428 F.2d 1159 (9th Cir.1970). The Eighth Amendment requires that punishment not be excessive. The punishment for the commission of a crime must not involve the unnecessary infliction of pain and must not be grossly out of proportion to the severity of the crime. As noted in *Gregg,* supra 96 S.Ct. at p. 2929, the sanction imposed cannot be so totally without penological justification that it results in the gratuitous infliction of suffering. The Court does not find that a mandatory minimum sentence of five years imprisonment without parole upon a conviction for possession with intent to distribute or manufacture 100 kilograms (approximately 220 pounds) or more of marijuana is grossly out of proportion to the severity of the crime nor does it involve the unnecessary infliction of pain. The Court is not swayed by the cases cited by the defendants in support of their contention. *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3004–10, 77 L.Ed.2d 637 (1983) in particular involved the constitutionality of a mandatory life sentence under a South Dakota recidivist statute. Unlike the case at bar, there was no range of penalties under the South Dakota statute. Not only can the judge consider a defendant's culpability and past history when sentencing within the statutory range, but he can also consider purity of the drug, when appropriate. Further, a sentence of life imprisonment for uttering a $100.00 bad check and other relatively minor, non-violent crimes clearly raises a substantial argument that the sentence is disproportionate to the severity of the crime. In contrast, a five-year sentence for possession with intent to distribute or manufacture over 200 pounds of marijuana cannot be said to be disproportionate to the severity of the crime in light of Congress' view of the "social malignancy" of drug addiction bred by illicit trafficking in narcotic drugs and marijuana. See, for example, Legislative History to the Narcotics Control Act of 1956, U.S.Code Congressional and Administrative News 1956, 84th Congress 2d Session, Vol. 2, pp. 3274–3322; see also *Leary v. United States,* 383 F.2d 851 (5th Cir. 1967) (Congress has demonstrated beyond doubt that it believes marijuana is an evil in American society and a serious threat to its people).

 The defendants' equal protection challenge claims that the classification of penalties on the basis of quantity of contraband without regard to purity and without regard to the role or history of the offender is arbitrary and unreasonable and is not rationally related to a substantial government interest. As noted by the Court in *United States v. Holland,* 810 F.2d 1215, 1219 (D.C.Cir.1987), "equal protection of the law does not require Congress in every instance to order evils hierarchically according to their magnitude, and to legislate against the greater before the lesser. . . . The prohibition of the Equal Protection Clause goes no further than the invidious discrimination" (citations omitted). Inasmuch as no "legally cognizable suspect class" has been shown, the classification must be upheld if any state of facts rationally justifying it is demonstrated to or perceived by the Court. *Ibid.* As noted earlier, Congress has historically taken a keen interest in eradicating the destructive illicit drug trade. It has been stated by members of Congress that they view the imposition of heavier penalties as the strongest and most effective deterrent to narcotic addiction and drug traffic. (See, Leg.Hist. supra at 3283). This has been a recurrent theme in federal drug trafficking legislation. Most certainly a statutory scheme

which imposes a harsher penalty for drug traffickers who possess a larger quantity of an illicit drug rationally effectuates Congress' purpose for its enactment. See *United States v. Holland,* supra at 1219. The range of the sentence under § 841(b)(1)(B) allows the sentencing judge to further tailor the sentence based upon the particular facts and circumstances of the case.

The defendants argue that the penalty under § 841(b)(1)(B) deprives them of their Sixth Amendment right to counsel inasmuch as the Supreme Court of the United States has recognized the constitutional significance of the adversarial role of counsel in sentencing proceedings. Nothing in 21 U.S.C. § 841(b)(1)(B) precludes counsel for the defendants from arguing what they find to be the mitigating factors militating in favor of a minimal penalty. Again, the range of the penalty under § 841(b)(1)(B) allows the judge to consider any number of relevant factors.

Finally, the defendants argue that in enacting the mandatory non-parolable provisions of 21 U.S.C. § 841, the legislature has unconstitutionally usurped the power of the judiciary to impose a sentence based upon the informed discretion of the trial judge. "The authority to define and fix the punishment for crime is legislative and includes the right in advance to bring within judicial discretion for the purpose of executing the statute elements of consideration which would otherwise be beyond the scope of judicial authority ..." *Ex Parte United States,* 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916). Congress has spoken, imposing a mandatory minimum and range of punishment for what it perceives to be a very serious offense, but at the same time has left to the informed discretion of the trial judge the sentence to be imposed within that range. The penalty is not absolute and thus does not usurp the judge's authority to consider mitigating factors.

For the reasons set forth hereinabove, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that the motion of the defendants, James Wilbur Brady and Edgar R. Porter, to declare 21 U.S.C. § 841(b)(1)(B) unconstitutional is DENIED.