**UNITED STATES of America, Plaintiff,**

**v.**

**Martin Andrew SPELTZ, Defendant.**

**Cr. 3–90–11.**

United States District Court,
D. Minnesota,
Third Division.

April 4, 1990.

Nathan P. Petterson, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Craig Cascarano, Minneapolis, Minn., for defendant.

## ORDER

DEVITT, District Judge.

Defendant was charged in a two-count indictment with (1) possessing with intent to distribute 11.5 pounds of marihuana and approximately 275 marihuana plants; and (2) manufacturing approximately 275 marihuana plants. On March 12, 1989, defendant pled guilty to Count I of the indictment, with the issue of the number of plants possessed by defendant to be determined by the court at the time of sentencing.

Defendant has filed a motion to declare Title 21, United States Code, Section 841(b)(1)(B)(vii) unconstitutional, on the grounds that the words "marihuana plants" are overbroad and vague.

## DISCUSSION

■ Title 21, United States Code, Section 841(a)(1) makes it unlawful to manufacture or to possess with intent to distribute controlled substances, including marihuana. Section 841(b)(1)(B)(vii) provides enhanced penalties if the violation of Section 841(a)(1) involves 100 or more marihuana plants, regardless of weight. The term "marihuana" is defined in Section 802(16). However, the term "plant" is not defined.

■ The void-for-vagueness doctrine requires that a penal statute define a criminal offense with sufficient definiteness to allow ordinary people to understand what conduct is prohibited, and to discourage arbitrary and discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). The Due Process Clause prohibits holding individuals responsible for conduct which they cannot reasonably understand to be proscribed. *Rose v. Locke,* 423 U.S. 48, 49, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). However, the prohibition against excessive vagueness does not require the invalidation of every statute that could be drafted with greater precision. *Id.* All that is required is that a law provide sufficient warning to allow people to conduct themselves so as to avoid that which is forbidden. *Id.* at 50, 96 S.Ct. at 245.

Clearly, the defendant cannot claim that the term "marihuana plants" is susceptible to so many interpretations that a person of ordinary intelligence could not know what conduct is prohibited. Small marihuana plants, e.g. cuttings with roots, are "marihuana plants" nonetheless. *See United States v. Fitol,* 733 F.Supp. 1312 (D.Minn. 1990) (Devitt, J.). Moreover, the term "plants" is merely used as a way of measuring the marihuana to determine punishment. The possession of marihuana in other forms, including seeds, is also prohibited. 21 U.S.C. § 802(16). Thus defendant's conduct would be prohibited and he would be punished according to the marihuana's weight even if the marihuana he was growing was not deemed to be "marihuana plants."

Defendant had a large scale marihuana growing operation in his basement. Small plants were being nurtured so as to yield larger plants for harvesting. The harvested marihuana was then to be distributed. Defendant clearly knew that growing the marihuana plants in his basement was prohibited conduct. The statute is sufficiently definite to provide fair warning as to what conduct is prohibited.

## CONCLUSION

IT IS ORDERED that defendant's motion to declare 21 U.S.C. § 841(b)(1)(B)(vii) unconstitutional is DENIED.