UNITED STATES, Appellee,

v.

Larry W. McMAHON,
Defendant, Appellant.

No. 90–2086.

United States Court of Appeals,
First Circuit.

Heard May 8, 1991.

Decided June 3, 1991.

Frederick C. Moore, Portland, Me., for defendant, appellant.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief for appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

**PER CURIAM.**

Defendant-appellant Larry W. McMahon was charged with possession of more than one hundred marijuana plants, found guilty after a jury-waived trial and sentenced by the district court to the mandatory minimum sentence of five years required by 21 U.S.C. § 841(b)(1)(B) (1988).[1] He now appeals, claiming that: 1) his pretrial motion to suppress evidence was wrongly denied because he did not voluntarily consent to the search of his property; and 2) the penalty provisions of 21 U.S.C. § 841(b)(1)(B) violate due process and equal protection because they ambiguously mandate imprisonment, fine "or both," and are inapplicable to him.

## I. STATEMENT OF FACTS

In late afternoon of October 17, 1989, special agents from the Bureau of Intergovernmental Drug Enforcement ("BIDE") and local police came to McMahon's Windham, Maine, property, which had been under surveillance because of a reputed large-scale marijuana growing operation. Surprising the owner on his way to the two tandem trailers in which 534 marijuana plants were ultimately discovered and seized, the police frisked McMahon, apprised him of his *Miranda* rights, and asked his consent to search the property. They also informed McMahon that he was free to go and that their search could proceed either voluntarily or with a search

1. 21 U.S.C. § 841 provides in pertinent part:
 ### § 841. Prohibited acts A
 #### Unlawful acts
 **(a)** Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

 **(b) Penalties**
 Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

 **(1)(B)** In the case of a violation of subsection (a) of this section involving—

 **(vii)** 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight;

 such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ..., a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 ..., or both.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during this term of imprisonment imposed therein.

warrant being sought as they spoke. McMahon, an educated man of 42, heard the consent form read aloud, read it himself, asked cogent questions about arrest and bail, even weighed such alternatives as keeping a dinner date that evening, and then signed the consent form. Consequently, his pretrial motion to suppress the voluminous evidence seized was denied after a hearing before a United States magistrate on February 20 and 21, 1990. The magistrate rendered a decision on April 6, 1990, which was adopted by the district court on June 28, 1990.

A bench trial took place on August 21, 1990, in which McMahon testified to his sophisticated and expensive enterprise, including trailer rentals and electric bills approaching $850 per month. He insisted that he was not profiting from his scheme and that his intent was to market, i.e., distribute as well as possess, approximately forty-five of the 534 rooted plants growing in the two trailers. Following McMahon's argument, only 8.4% of his crop would survive the "weeding out" process to be harvested and sold as drugs. The court, however, determined that McMahon had admitted his guilt "beyond any possible doubt" and that "100 or more plants were involved" in his offense.

McMahon's presentence report, to which he did not object, computed the sentencing range under the Sentencing Guidelines as 27 to 33 months imprisonment while noting the mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B). On October 26, 1990, McMahon was sentenced to a five-year prison term, as well as a supervised release term of four years. He now appeals.

## II. VOLUNTARY CONSENT ISSUE

■ Coerced consent, a critical fourth amendment issue, requires suppression of seized evidence. In this case, the factual findings made by the magistrate and then by the district court found no coerced consent.

The Supreme Court has repeatedly defined seizure "within the meaning of the Fourth Amendment" as occurring "only if,

in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). *See also Texas v. Brown,* 460 U.S. 730, 735, 103 S.Ct. 1535, 1539, 75 L.Ed.2d 502 (1983) (plurality opinion) (recognizing "flexible, common-sense exceptions" to warrant requirement); *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 222, 93 S.Ct. 2041, 2043, 2045, 36 L.Ed.2d 854 (1973) (permitting voluntary search without warrant or probable cause if government can prove consent "freely and voluntarily given").

In the First Circuit we have amassed considerable precedent on consensual warrantless searches "against the backdrop of the demanding scrutiny" required of the district court. *United States v. Twomey,* 884 F.2d 46, 51 (1st Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2592, 110 L.Ed.2d 273 (1990); *United States v. Kimball,* 741 F.2d 471 (1st Cir.1984) (trial court's consent finding based on credibility and determined from totality of circumstances subject only to clear error standard). *See also United States v. Quinn,* 815 F.2d 153, 156–57 (1st Cir.1987) (applying "reasonable man['s]" perception of "arrest-like restraint" to determine defendant not held against will).

The record shows that prior to the search and seizure and his arrest, McMahon was free to leave his property at any time. He read and was read his rights, including the consent form which he voluntarily signed. We find no clear error here.

## III. MANDATORY SENTENCING ISSUE

McMahon next argues that the penalty provisions of 21 U.S.C. § 841(b)(1)(B) mandating a minimum five-year prison sentence violate due process and, in any case, are inapplicable because he planned to distribute fewer than 100 of the 534 marijuana plants.

■ McMahon did not raise this issue below and is precluded from entertaining it

on appeal. In the words of a recent opinion rejecting such an appeal:

We have applied this proposition in well over a hundred cases since *Johnston v. Holiday Inns*, 595 F.2d 890 (1st Cir. 1979). We therefore are confined to determining whether or not this is a case "where a gross miscarriage of justice would occur".... [and where] the new ground [is] "so compelling as virtually to insure appellant's success." *Id.* at 894 (citations omitted).

*Hernandez–Hernandez v. United States*, 904 F.2d 758, 763 (1st Cir.1990). *Accord United States v. Castiello*, 915 F.2d 1, 7 n. 13 (1st Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 787, 112 L.Ed.2d 849 (1991); *United States v. Twomey*, 806 F.2d 1136, 1141 (1st Cir.1986).

 Even if this issue had been properly preserved, McMahon would not have prevailed on the merits. Nor is there any constitutional violation in his mandatory five-year sentence. First, there is general unanimity across the circuits that, despite the ambiguous delineation of a mandatory five-year prison term in § 841(b)(1)(B),[2] legislative intent compels a prison sentence for an offender who, like McMahon, possesses a certain amount of a controlled substance. *See Castiello*, 915 F.2d at 7 (mandating prison term from statutory construction); *United States v. Colon–Ortiz*, 866 F.2d 6 (1st Cir.) (upholding prison term but finding notice problem in statutory language), *cert. denied*, 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989); *United States v. Restrepo*, 676 F.Supp. 368, 371 (D.Mass.1987) (scrutinizing statutory construction and concluding that "this language indicates that Congress intended that every person sentenced under this subparagraph would have to serve a mandatory prison term"), *aff'd without opinion*, 867 F.2d 605 (1st Cir.1988). *See also United States v. Musser*, 856 F.2d 1484, 1486 (11th Cir.1988) ("Construing the subsection as a whole, it is clear that a mandatory term of imprisonment is required."), *cert.*

*denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989); *Peters v. United States*, 739 F.Supp. 789, 791 (E.D.N.Y.1990) (agreeing with and quoting *Musser, supra*, at 1486); *United States v. Brady*, 680 F.Supp. 245, 246 (W.D.Ky.1988) (treating as a given that "imprisonment for a period of 5 to 40 years *and* a fine not to exceed $2,000,000.00 appear in that subsection") (emphasis added).

Second, no specific quantity of any controlled drug is required to convict under § 841. Only in sentencing does quantity become a factor. Hence, § 841 does not violate the constitutional rights of an innocent person; McMahon clearly possessed the *mens rea* for the crime. *See, e.g., United States v. Collado–Gomez*, 834 F.2d 280, 281 (2d Cir.1987), *cert. denied sub nom. Quintero–Gonzalez v. United States*, 485 U.S. 969, 108 S.Ct. 1244, 99 L.Ed.2d 442 (1988); *United States v. McHugh*, 769 F.2d 860 (1st Cir.1985).

Third, under the Sentencing Guidelines, McMahon faced a certain prison term from the time of his indictment. When his presentence report was accepted, defense counsel did not object to the recommended prison term of between 27 and 33 months for possession of marijuana with intent to distribute. Hence, unlike *Colon–Ortiz*, 866 F.2d at 9, McMahon suffered under no due process problem of notice when he received a prison term. Instead, his situation parallels Castiello's, in which "the district court implicitly determined that a sentence of imprisonment, rather than a fine or probation, was required in any event." *Castiello*, 915 F.2d at 7. There is neither unconstitutional vagueness nor lack of due process here.

Finally, the issue of whether McMahon possessed with intent to distribute "100 or more marijuana plants" to trigger the mandatory five-year minimum prison term can be resolved swiftly. *See* § 841(b)(1)(B)(vii). "[W]hen marijuana is discovered in live form prior to harvest," sentence is to be based upon number of plants, not weight. *United States v. Bradley*, 905 F.2d 359,

---

**2.** The allegedly ambiguous section regarding sentencing reads: such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ..., a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 ..., or both. 21 U.S.C. § 841(b)(1)(B).

361 (11th Cir.1990) (citing *United States v. Graham,* 710 F.Supp. 1290 (N.D.Cal.1989), *aff'd sub nom. United States v. Corley,* 909 F.2d 359 (9th Cir.1990)). Two contemporaneous marijuana cases have recently held that "[s]mall marihuana plants, e.g., cuttings with roots, are 'marihuana plants' nonetheless," *United States v. Speltz,* 733 F.Supp. 1311, 1312 (D.Minn.1990), and that "Congress intended to punish growers of marihuana by the scale or potential of their operation and not just by the weight [or size] of the plants seized at a given moment." *United States v. Fitol,* 733 F.Supp. 1312, 1315 (D.Minn.1990). We affirm the conclusions of the district court:

Accordingly, I do find that 100 or more plants were involved. This, as you say, might be strong medicine; but, of course, courts are not here to be concerned with the wisdom of Congress. Congress has deemed fit to be strong, be harsh on drugs; and we cannot amend those laws. We are here to implement the will of Congress.

*Affirmed.*