Eugene DESJARDINS, Plaintiff,
Appellee,

v.

VAN BUREN COMMUNITY HOSPITAL,
Defendant, Appellant.

No. 90–1790.

United States Court of Appeals,
First Circuit.

Heard March 5, 1992.
Decided July 7, 1992.

William J. Smith, Van Buren, Me., for appellant.

Paul F. Macri with whom Berman, Simmons & Goldberg, P.A., Lewiston, Me., Kaighn Smith, Jr., and Tureen & Margolin, Portland, Me., were on brief, for appellee.

Before TORRUELLA, Circuit Judge, WEIS,* and BOWNES, Senior Circuit Judges.

PER CURIAM.

This case stems from the defendant hospital's discharge of plaintiff from his employment. The plaintiff's complaint asserted six claims alleging: count I, violation of the Rehabilitation Act, 29 U.S.C. § 794; count II, violation of the Maine Human Rights Act, Me.Rev.Stat.Ann. tit. 5, § 4551 et seq.; count III, breach of an employment contract; count IV, wrongful discharge; count V, violation of the Whistle Blowers statute, Me.Rev.Stat.Ann. tit. 26, § 831 et seq.; and count VI, negligent or intentional infliction of emotional distress.

The case was tried to a jury which found in favor of plaintiff on all counts except count III, on which a verdict for defendant was returned. The jury awarded plaintiff the sum of $17,967. In post-trial proceedings, the court granted further relief to plaintiff consisting of $5,000 "front pay," attorneys' fees and costs of $15,968.97, and an order directing defendant to make a public apology in a local newspaper. Defendant has appealed, asserting that the conduct of the district judge during the trial was prejudicial and that the order requiring a public apology violates the First Amendment.

## I.

The defendant's complaints about the trial judge are directed at his limitation of cross-examination of the plaintiff's wife, his admonitions to the hospital administrator during cross-examination, and his questioning of that witness.

■ To keep these contentions in perspective, it is important to understand the role of a federal district judge during a trial. Unquestionably, bias and improper conduct by a trial judge may be grounds for a new trial if a party was unfairly prejudiced. Active participation by a district judge in trial proceedings, however, is in itself neither improper nor unfair.

Chief Justice Hughes, writing for a unanimous Court in *Quercia v. United States*, 289 U.S. 466, 469, 53 S.Ct. 698, 698–99, 77 L.Ed. 1321 (1933), outlined the role of a federal trial judge as follows:

"In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.... It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination."

In addition to his right to clarify the evidence, a judge has the responsibility to oversee the conduct of a trial so that it moves expeditiously. There are always litigants waiting outside the courtroom door, figuratively and often literally, and they should not be delayed by unnecessarily lengthy presentations in the courtroom. Litigants are entitled to their day in court, but not more.

Furthermore, as we have pointed out in evaluating contentions such as those presented here, "it is necessary to consider isolated incidents in light of the entire transcript so as to 'guard against magnification on appeal of instances which were of little importance in their setting.'" *Aggarwal v. Ponce Sch. of Medicine*, 837 F.2d 17, 22 (1st Cir.1988) (quoting *Glasser v. United States*, 315 U.S. 60, 83, 62 S.Ct. 457, 471, 86 L.Ed. 680 (1942)).

The defendant's brief lists specific instances of alleged prejudicial intervention by the trial judge during questioning of witnesses. A thorough examination of the transcript, however, reveals that when placed in context, the trial judge's comments and questions were neither improper nor prejudicial.

* Of the Eastern District of Pennsylvania, sitting by designation.

■ In one instance, the judge interrogated the administrator on some of the hospital's procedures and materials in its handbook. The judge explained that he felt those matters had not been fully developed and elaboration was necessary. We do not find that this questioning demonstrated partiality. In any event, during the charge, the judge emphasized that the jurors were the judges of the facts and they were not to give special significance to questions that he had put to witnesses.

■ In other instances, the trial judge cautioned witnesses on both sides to give direct answers to questions. At one point, at least, he asked counsel not to be repetitive and, on another occasion, to follow proper procedure in querying a witness about prior inconsistent statements. Such comments are routine and may be found in almost any trial. The judge's conduct was not exceptional here, nor did it affect the substance of the evidence introduced at the trial.

In sum, we find no merit in the defendant's contentions that the district judge's conduct at the trial was improper or prejudicial.

## II.

■ Next, defendant argues that the district judge's order requiring it to make a public apology to plaintiff violated the First Amendment. We, however, will not address this argument on its merits. Defendant waived this objection in the district court and we will not consider it in the first instance on appeal.

On May 16, 1990, plaintiff filed a motion with the district court seeking equitable relief, including a public apology from defendant. In granting the plaintiff's motion on July 9, 1990, the district court stated, "Plaintiff's request for equitable relief is GRANTED as uncontested pursuant to Maine Local Rule 19(c)." The court noted that "the motion was filed on May 23, 1990; no timely response was filed by the defendant."

Maine Local Rule 19(c) provides that "unless within ten days after the filing of a motion the opposing party files a written objection thereto, he shall be deemed to have waived objection." Defendant did not comply with the rule and, therefore, is deemed to have waived objection to the plaintiff's motion.

■ Although its brief was silent on the issue, at oral argument before this court, defendant asked that we consider the alleged constitutional violation because it constituted plain error. In effect, defendant asked that we review the ruling of the district court despite the procedural default of counsel in failing to object. As we have said on numerous occasions, we will not consider on appeal issues that were not raised in the trial court. *See United States v. Palmer,* 956 F.2d 3, 6 (1st Cir.1992); *United States v. Almonte,* 952 F.2d 20, 24 n. 3 (1st Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1776, 118 L.Ed.2d 434 (1992); *La Amiga del Pueblo, Inc. v. Robles,* 937 F.2d 689, 692 (1st Cir.1991) (citing *Toscano v. Chandris, S.A.,* 934 F.2d 383, 385 (1st Cir.1991), and *Wells Real Estate, Inc. v. Greater Lowell Bd. of Realtors,* 850 F.2d 803, 809 (1st Cir.), *cert. denied,* 488 U.S. 955, 109 S.Ct. 392, 102 L.Ed.2d 381 (1988)); *United States v. McMahon,* 935 F.2d 397, 399–400 (1st Cir.1991). Only in rare and exceptional cases will we depart from that rule. *See United States v. La Guardia,* 902 F.2d 1010, 1013 (1st Cir. 1990); *United States v. Krynicki,* 689 F.2d 289, 291 (1st Cir.1982).

■ Here, defendant had adequate opportunity to present its objection to the post-trial motion, but failed to do so. The concerns that it now expresses could well have been accommodated had it presented them to the trial court. Moreover, we cannot consider the ruling on the uncontested motion as a miscarriage of justice, nor did it seriously effect the fairness, integrity, or public reputation of a judicial proceeding. *La Amiga del Pueblo,* 937 F.2d at 692. We do not consider the case before us to be an exceptional one and we, therefore, adhere to the general rule denying review.

Accordingly, the judgment of the district court will be affirmed.