USCA1 Opinion

 

 November 20, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1508 ROYAL W. HADFIELD, JR., Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Royal W. Hadfield, Jr. on Memorandum. ______________________ A. John Pappalardo, United States Attorney, and Dina Michael ___________________ _____________ Chaitowitz, Assistant United States Attorney, on brief for appellee. __________ ____________________ ____________________ Per Curiam. Royal W. Hadfield, Jr. was convicted __________ of possessing with intent to distribute 100 or more marijuana plants, using his property to facilitate a drug trafficking crime, using and carrying firearms in relation to a drug trafficking crime and being a prohibited person in possession of firearms. He was sentenced to fifteen years in prison on the controlled substance charge, and to a consecutive five- year prison term for each of the firearms-related charges. We affirmed his conviction in United States v. Hadfield, 918 _____________ ________ F.2d 987 (1st Cir. 1990), cert. denied, 111 S. Ct. 2062 _____________ (1991). Hadfield then brought a motion to vacate his sentence under 28 U.S.C. 2255, which the district court denied. Hadfield now appeals the denial of his motion. Finding no error in the district court's decision, we affirm. DISCUSSION __________ On appeal Hadfield raises a host of issues.1 He claims that he did not receive effective assistance of ____________________ 1. Because Hadfield does not reargue certain points on appeal, the government asserts that Hadfield has waived those points, although it also notes that Hadfield requested the court to review his motion and briefs below "for a precise statement of his claims and arguments." In his Notice of Appeal, Hadfield stated that he is appealing the "whole of the [district court's] memo and order." His statement of the issues on appeal also essentially restates the arguments raised in his original motion and brief (with the exception of his arguments relating to exclusive possession of controlled substances, downward departure, and plea bargaining). Because Hadfield has clearly stated his intent to appeal all issues and because we often permit pro se petitioners to rely on their underlying section 2255 motion and briefs on appeal, we find that Hadfield has not waived any arguments originally presented to the district court by not rearguing them before this court. counsel before and during the trial. He alleges various constitutional infirmities in the controlled substance statute under which he was convicted and in the Sentencing Guidelines. He also claims that the district court should have given him a downward departure based on the weight of the marijuana he was found to have possessed, and that the court should have held an evidentiary hearing to determine certain issues. We consider these claims of error in turn.2 ____________________ 2. The government suggests that several claims of error now made by Hadfield were not raised below. We find that the argument that 21 U.S.C. 841(b)(1)(C) is arbitrary because it contemplates using an everyday definition of the word "plant" is not a new issue on appeal. In his original brief Hadfield stated that the "scientific" definition of "plant" should be used "as opposed to the dictionary definition." In addition, much of Hadfield's appellate argument on this point responds to the government's argument below. Nevertheless, we do not further consider Hadfield's argument here. As the government states, using the common understanding of the word "plant" as reflected in its dictionary definitions is appropriate. See Chapman v. United States, 111 S. Ct. 1919, ___ _______ _____________ 1925 (1991) (because the terms "mixture" and "substance" as used in 21 U.S.C. 841 were not defined by Congress or the Sentencing Guidelines, the terms were to be given their "ordinary meaning"; to determine that meaning, the Court consulted dictionaries). We also find that Hadfield raised the argument below that section 841(b)(1)(C) permits prosecutors at whim to seek radically different sentences for the same offense. But we do not find the argument to have any merit, for the reasons given in the government's appellate brief. See, e.g., United ___ ____ ______ States v. Corley, 909 F.2d 359, 361 (9th Cir. 1990) (when an ______ ______ offender possesses live marijuana plants, the number of plants will be used to determine the base offense level, but when the marijuana has been dried, its weight is used). Moreover, Hadfield's argument seems to be based on the erroneous premise that a prosecutor can use the drug equivalency tables in the Sentencing Guidelines to convert an offender's possession of dried marijuana into possession of marijuana plants and vice versa in charging an offender under 21 U.S.C. 841. -3- I. Ineffective Assistance of Counsel _________________________________ Hadfield, who was tried jointly with his wife, claims that his counsel should have moved to sever his wife's trial from his because his wife's defense was "wholly inconsistent" with his claim of innocence. As the court found, however, the evidence at trial that Hadfield possessed marijuana with intent to distribute was compelling. (Hadfield also admitted to possessing marijuana in an affidavit submitted to the district court in connection with his section 2255 motion.) In light of the evidence, any suggestion in his wife's presentation of her defense which could have incriminated him would have been merely cumulative. Furthermore, Hadfield has pointed to no record evidence demonstrating that his wife was willing to exculpate him, nor has he stated what precisely she would have testified to had their trials been severed. Therefore, trying Hadfield and his wife jointly does not appear to have prejudiced Hadfield, and the district court would have had no basis for granting any motion to sever that Hadfield's counsel might have brought. See United States v. Perkins, __________________ _______ 926 F.2d 1271, 1280, 1281 (1st Cir. 1991) (there is a strong public policy favoring joint trials where the same drug ____________________ Finally, we agree with the government that, by not presenting it to the district court, Hadfield waived his claim that his attorney rendered ineffective assistance of counsel by conceding in the presentence investigation report that Hadfield possessed more than 100 marijuana plants. -4- violation is alleged; the court did not abuse its discretion in denying a motion to sever where a husband did not state he was willing to exculpate his wife or describe with particularity what his testimony would be); Fed. R. Crim. P. Rule 14 (the court may grant a severance if the defendant would be prejudiced by a joinder of defendants). Since severance was not warranted, the failure of Hadfield's counsel to bring a motion to sever the Hadfields' trial did not amount to ineffective assistance of counsel. Hadfield also claims that his counsel's failure to renew a motion for acquittal at the end of his presentation of the defense evidence was ineffective assistance of counsel. Hadfield claims that this failure prejudiced him because it caused this court to use a more stringent standard of review in determining, on direct appeal, whether the evidence was sufficient to convict him under 18 U.S.C. 924(c)(1) of using firearms "during and in relation to" his drug trafficking offenses. It is true that we applied a standard of review more generous to the government because Hadfield's counsel failed to renew his motion for acquittal. But we also stated that the evidence amply supported Hadfield's conviction. See United States v. Hadfield, supra, _________________ ________ _____ 918 F.2d at 998 ("Based on [the] evidence, the jurors were well within the pale in [convicting Hadfield of the firearms charge]. It was no injustice at all -- much less a clear and -5- gross injustice -- for Hadfield to be convicted of violating 18 U.S.C. 924(c)(1)"). Thus, we would have affirmed Hadfield's conviction, even under the more lenient standard of review. Moreover, since the evidence was more than sufficient to convict Hadfield of the firearms charge, the court would have denied any motion for acquittal. Cf. Fed. ___ R. Crim. P. Rule 29(a) (acquittal should be ordered "if the evidence is insufficient to sustain a conviction"). Consequently, the failure to bring that motion could not have prejudiced Hadfield, and does not support a claim that he received ineffective assistance of counsel. Next, Hadfield asserts that his counsel's failure to request a jury instruction defining "marijuana plant" and an instruction that only exclusive possession of a controlled substance would support his conviction constituted ineffective assistance of counsel. Clearly, the district court did not err in concluding that no ineffective assistance of counsel resulted from failing to give the latter instruction. Case law makes clear that an offender may be convicted for joint possession of a controlled ___ substance. See, e.g., United States v. Vargas, 945 F.2d 426, ___ ____ _____________ ______ 428 (1st Cir. 1991) (citing cases). A defendant is not entitled to a jury instruction on an invalid defense theory. United States v. McGill, 953 F.2d 10, 12 (1st Cir. 1992). _____________ ______ Thus, counsel's failure to seek an instruction that Hadfield -6- could be convicted only if his possession of the marijuana had been exclusive did not prejudice Hadfield. Nor did counsel's failure to seek an instruction defining "plant" prejudice Hadfield. As the district court pointed out, Hadfield might have been entitled to that instruction had he requested it. But the failure to request it did not prejudice him because the evidence that Hadfield possessed well over 100 plants was "overwhelming" and included a videotape showing rooms full of living, growing plants. In addition, permitting the jury to use its common understanding of what a plant is to determine whether Hadfield possessed more than 100 marijuana plants was not erroneous. Cf. United States v. Eves, 932 F.2d 856, 860 ___ _____________ ____ (10th Cir.) (there was no evidence that Congress intended the term marijuana "plant" to be construed "other than by its plain and ordinary dictionary meaning"), cert. denied, 112 S. ____________ Ct. 236 (1991).3 ____________________ 3. Although Hadfield alleges that the "scientific" definition of "plant" should control, at trial his own botanical expert defined a plant to include seeds. Evidence submitted at trial showed that law enforcement officials found a number of bottles or vials of marijuana seeds on Hadfield's property. Although the seeds were not counted, applying the definition used by Hadfield's own expert obviously would have increased, and not reduced, the number of marijuana plants that the jury counted. Thus, it seems to us that Hadfield's attorney rendered effective assistance of _________ counsel by not seeking an instruction defining the term "plant" as a botanist would. -7- Finally, Hadfield claims that his counsel's failure to advise him before trial that he might receive a sentence enhancement for being a career offender prejudiced him. He states that he believed that his maximum sentence would be five years and that he might have sought to plea bargain with the government if had he known that he might receive a sentence of twenty years. Regardless whether Hadfield was entitled to pre-trial notice that the career offender provisions were applicable, or whether a plea bargain was even possible, Hadfield's argument founders on factual inaccuracy. During his pre-arraignment detention hearing, the government's attorney first reviewed Hadfield's criminal record and the potential sentences he would receive if convicted as charged. She then stated that the first count of the indictment "charges him with, specifically with an enhanced penalty provision, one hundred or more marijuana plants. And on that count, statutorily he is facing at least a maximum of twenty years imprisonment." Thus, before trial Hadfield knew that the issue of his prior convictions was important, even if no specific reference to the career offender guidelines was made. He also knew that he might receive up to twenty years in prison if convicted of the marijuana offense. His failure to seek a plea bargain, therefore, cannot be attributed to ignorance respecting the lengthy prison sentence awaiting him. Therefore, his -8- counsel's failure to inform him of the correct potential sentence could not have prejudiced him as he alleges.4 II. Constitutional Challenges to 21 U.S.C. 841 ____________________________________________ Hadfield claims that his conviction under 21 U.S.C. 841(a)(1) and (b)(1)(C) violated his due process and equal protection rights. He alleges that the statute is arbitrary as applied to him because the marijuana he possessed could have been weighed, but was not, and because he was convicted for possessing a certain number of plants even though not all of those plants would survive to maturity or produce marketable marijuana. He also claims that the statute provides for disparate sentences for controlled substance offenders. If he had possessed less than 50 kilograms of marijuana, he would have been sentenced to a maximum sentence of five years under section 841(b)(1)(D). But, because he possessed plants, he was subject to a twenty-year maximum sentence under section 841(b)(1)(C), even though the number of plants he possessed would amount to less than 50 kilograms ____________________ 4. In any event, as both the court and the government have emphasized, the evidence that Hadfield had possessed marijuana was overwhelming, and, given his criminal record (which he did not contest), the guidelines provided for mandatory enhancement of his sentence. Thus, no plea bargain was possible that would have relieved Hadfield of the sentencing consequences of his criminal record. For that reason, and because criminal offenders have no "right" to plea bargain with the government, see Weatherford v. Bursey, ___ ___________ ______ 429 U.S. 545, 561 (1977), we reject Hadfield's general claim that the failure to plea bargain with him denied him equal protection of the law. -9- of marijuana under the drug equivalency tables in the Sentencing Guidelines. Case law makes clear that Hadfield's equal protection and due process claims are without merit. The provision of the statute under which Hadfield was convicted stated essentially that the maximum sentence for knowingly possessing with intent to distribute, "100 or more marihuana plants, regardless of weight," would be twenty years. See 21 ___ U.S.C. 841(a)(1), (b)(1)(C) & (D). That language has been found to have been intended to punish marijuana growers more harshly than mere possessors of marijuana, and the greater punishment of marijuana growers has been sustained as a rational, hence constitutionally permissible, legislative goal. See, e.g., United States v. Osburn, 955 F.2d 1500, __________________________ ______ 1507-09 (11th Cir.) (rejecting the same arguments as those presented here, the court found that section 841 did not violate due process because Congress had rationally based its sentencing scheme on the number of plants rather than on their weight in an attempt to "halt the problem earlier in the cycle, making it less likely that the drug would ever be distributed to the public"), cert. denied, 61 U.S.L.W. 3261 & ____________ 3264 (1992); United States v. Lee, 957 F.2d 778, 784 (10th _____________ ___ Cir. 1992) (rejecting the same arguments as those presented here, the court upheld section 841 on equal protection grounds because the statute reflects Congress's rational -10- intent to punish marijuana growers "by the scale or potential of their operation and not just the weight of the plants seized at a given moment"; "the cultivation of marijuana plants creates a greater potential for abuse than possession of harvested marijuana" since there "would be no dried marijuana unless there were marijuana plants").5 Moreover, Hadfield's use of the drug equivalency tables in the Sentencing Guidelines to illustrate the disparity in treatment of offenders under section 841 is a red herring. First, he assumes that the equivalency tables may be used to convert numbers of plants into weights for purposes of conviction for controlled substance offenses under section 841. However, the equivalency tables were devised for a completely different purpose. See U.S.S.G. ___ Manual (1988), 2D1.1, commentary, note 10 (the drug equivalency tables provide help in applying the Drug Quantity Table, which sets the base offense level for certain offenses, by equating substances not specifically named in the statute to those named in the statute, and in determining a single offense level for offenders convicted of possessing ____________________ 5. The only cases Hadfield cited to support his specific claim that section 841(b)(1)(C) violated his due process and equal protection rights were the district court decisions in the Osburn and Lee cases. See United States v. Osburn, 756 ______ ___ ___ _____________ ______ F. Supp. 571 (N.D. Ga. 1991); United States v. Lee, 762 F. _____________ ___ Supp. 306 (D. Kan. 1991). Both of those cases were vacated on appeal in the decisions cited above in this opinion. Thus, Hadfield's claim is without support in precedent. -11- differing controlled substances by converting the different drugs to quantities of only one type of drug). Second, in actuality Hadfield is attempting to argue that marijuana growers and possessors of marijuana are, or should be regarded as, similarly situated offenders. But, as the Osburn and Lee cases make clear, marijuana growers and mere ______ ___ possessors of marijuana are not similarly situated offenders ___ under the statute. Consequently, their disparate treatment under the statute does not amount to a violation of equal protection. Hadfield further argues that the statute is void for vagueness as applied to him because the term "plant" is not defined. The district court found that the alleged ambiguity did not have "constitutional dimensions" because the term "plant" is used only in the penalty provisions of section 841 and because there was "no doubt that the statute explicitly __________ forbids possession of marijuana with intent to distribute." Without doubt, Hadfield knew that growing marijuana was illegal. As the government pointed out, the covert nature of Hadfield's marijuana cultivation showed that he was well aware that his activity was illegal. Moreover, without deciding whether vagueness in the sentencing provisions of a statute has constitutional implications, we note that in his response to the presentence investigation report Hadfield's counsel conceded that Hadfield possessed between 100-199 -12- marijuana plants. Thus, there was also no ambiguity as to whether Hadfield's conduct came within the penalty provisions of section 841(b) for purposes of sentencing him. Therefore, Hadfield's allegation that the statute was void for vagueness as applied to him is meritless. See United States v. Speltz, _________________ ______ 733 F. Supp. 1311, 1312 (D. Minn. 1990) (the court denied that the term 'marijuana plants' could be "susceptible to so many interpretations that a person of ordinary intelligence could not know what conduct is prohibited," and also found that the defendant "clearly knew that growing the marijuana plants in his basement was prohibited conduct." ), aff'd, 938 _____ F.2d 188 (8th Cir. 1991). Finally, Hadfield contends that there is "extreme disproportionality between the sentence imposed under the Sentencing Guidelines and the statutory maximum for a case involving fifty kilos or less of marihuana." This statement does not explain precisely which sentences Hadfield is contrasting. The government interprets Hadfield's argument to challenge the career offender provisions of the Sentencing Guidelines since it was the application of those provisions that actually increased Hadfield's potential sentence to the statutory maximum. The court appears to have interpreted the contention as a challenge to sentencing under section 841 alone. Under either analysis, Hadfield's argument fails. The circuit courts of appeals have sustained the career -13- offender guidelines against challenges under the Eighth Amendment. See, e.g., United States v. John, 936 F.2d 764, ___ ____ _____________ ____ 766 n.2 (3d Cir. 1991); United States v. Foote, 920 F.2d _____________ _____ 1395, 1401-02 (8th Cir. 1990), cert. denied, 111 S. Ct. 2246 ____________ (1991); United States v. Newsome, 898 F.2d 119, 122 (10th ______________ _______ Cir.), cert. denied, 111 S. Ct. 207 (1990). And Supreme ____________ Court precedent shows that Hadfield's fifteen-year sentence under section 841, which is five years lower than the statutory maximum, is valid under the Eighth Amendment. In Hutto v. Davis, 454 U.S. 370 (1982) (per curiam), the Supreme _____ _____ Court reaffirmed the principle that federal courts should only reluctantly review statutorily prescribed sentences under the Eighth Amendment and that overturning such sentences should be "exceedingly rare" occurrences. Id. at ___ 370 (citation omitted). Given the Court's determination in Hutto that a sentence of forty years in prison for possessing _____ with intent to distribute nine ounces of marijuana was constitutional, we are sure that Hadfield's sentence of fifteen years for possessing well over 100 marijuana plants with intent to distribute is constitutional as well. III. Constitutional Challenge to Sentencing Guidelines _________________________________________________ Hadfield claims that the career offender provisions in section 4B1.1 of the Sentencing Guidelines are unconstitutional and violate 21 U.S.C. 851 because they do not require that an offender be notified before trial that -14- those provisions will be used in determining the offender's sentence.6 Section 851(a)(1) states that no person convicted of an offense under section 841 "shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, . . . the United States attorney files an information . . . stating in writing the previous convictions to be relied upon." Hadfield erroneously reads this language to require the government to give pre-trial notice to repeat offenders in all cases in which the career offender guidelines are applied. However, the words "increased punishment" in section 851 do not refer to enhancements of base offense level under the Guidelines, but instead to the imposition of a sentence in excess of the ________________ statutory maximum. See United States v. Sanchez, 917 F.2d _________________ _________________ _______ 607, 616 (1st Cir. 1990), cert. denied, 111 S. Ct. 1625 _____________ (1991). Because the government did not file the information ____________________ 6. Hadfield also alleges that the drug equivalency tables in section 2D1.1 of the Guidelines are unconstitutional because they arbitrarily equate one marijuana plant with 100 grams of dried marijuana. The district court correctly declined to consider his argument because the equivalency tables did not affect Hadfield's sentence. Although the drug quantity table in section 2D1.1 would have given Hadfield a base offense level of 18 for having possessed 20-39 kilograms of marijuana or 200-399 marijuana plants, ultimately that computation was not used because the offense level given in section 4B1.1 of the Guidelines was greater. See U.S.S.G. Manual (1988), ___ 4B1.1 ("If the offense level for a career criminal [subject to a maximum sentence of twenty years] is greater than the offense level otherwise applicable, [the higher] offense level shall apply."). The offense level and criminal history category given in section 4B1.1 determined Hadfield's sentence guideline range. -15- 15 in Hadfield's case, it sought only the maximum sentence under section 841 for Hadfield's offense, i.e. twenty years in prison, rather than the thirty years that otherwise would have been permissible for repeat offenders. Thus, even though Hadfield's base offense level under the Sentencing ___________________ Guidelines increased (relative to what it would have been for the marijuana conviction by itself) by virtue of his prior convictions, the convictions were not used to justify a sentence of greater than twenty years, the statutory maximum. Furthermore, the sentence arrived at under the career offender guidelines was within the statutory maximum. Thus, neither section 851 nor the Constitution was violated by the government's failure to give Hadfield pre-trial notice of its intent to use those convictions for sentencing purposes. See ___ id. ___ Nor are the career offender provisions of the Guidelines constitutionally defective because they do not require pre- trial notice that the provisions will be used in sentencing. Cf. United States v. Craveiro, 907 F.2d 260, 264 (1st Cir.) _________________ ________ (the failure of the Armed Career Criminal Act to require pre- trial notice that an offender's sentence could be enhanced because of prior convictions did not violate defendant's due process or equal protection rights), cert. denied, 111 S. Ct. ____________ 588 (1990). Hadfield's presentence investigation report advised him well before sentencing that his prior convictions -16- 16 would result in an increased base offense level under section 4B1.1 of the Guidelines, and the report described those convictions. Accordingly, Hadfield was afforded ample opportunity to challenge the use of those convictions, which, as the district court observed, satisfied the requirements of due process. IV. Remaining Claims ________________ Although the district court departed downward because of Hadfield's military service and the forfeiture of his property, Hadfield faults the district court for not departing further downward on the basis of the "true weight" of the marijuana he possessed. We have no jurisdiction to consider that claim, and thus decline to do so. See United __________ States v. Pomerleau, 923 F.2d 5, 6 (1st Cir. 1991) ("The law ______ _________ in this circuit is crystal clear . . . that a sentencing court's decision not to depart from the guidelines is ___ unappealable. . . . By the same token, . . . we have no jurisdiction to review the extent of a downward departure ______ merely because the affected defendant is dissatisfied with the quantification of the district court's generosity.") (citations omitted; emphases in original).7 Although the ____________________ 7. We note that it is not clear whether the court actually declined to depart downward for the reason now proffered by Hadfield in its original sentencing decision. In his response to the presentence investigation report, Hadfield's attorney adopted the probation officer's suggestion that a downward departure might be warranted on the basis of the alleged sentencing disparities for offenders possessing -17- 17 question of our power to review downward departures generally arises on direct appeal, we see no reason why the answer to that question should be any different in response to a section 2255 motion. Finally, Hadfield contends that the court erred in not granting him an evidentiary hearing to determine the actual number of marijuana plants he possessed, the effectiveness of his counsel and the adequacy of the notice to him that the career offender provisions of the Guidelines would be used to sentence him. Those issues involved either legal questions or factual issues that could be resolved on the basis of the record. Accordingly, no material fact remained for the court to determine, and no evidentiary hearing was necessary. See ___ 28 U.S.C. 2255; United States v. DiCarlo, 575 F.2d 952, 954 _____________ _______ (1st Cir.), cert. denied, 439 U.S. 834 (1978). ____________ CONCLUSION __________ The decision of the district court is affirmed. ________ ____________________ equivalent weights of dried and plant marijuana. But he failed to argue that point at the sentencing hearing, and the court did not decide the issue, although the government suggests, without record citation, that it did. In any event, the court stated, in its decision on Hadfield's section 2255 motion, that Hadfield's claim for downward departure had no merit since it was not authorized by the Sentencing Guidelines. -18- 18