

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2007

# USA v. Haines

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2524

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Haines" (2007). *2007 Decisions.* Paper 1123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NON-PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2524

UNITED STATES OF AMERICA

v.

FRANK HAINES,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 02-cr-00224-1)
District Judge: The Honorable Joy Flowers Conti

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2007

Before: SMITH, NYGAARD, and HANSEN,[*] *Circuit Judges*

(Filed: May 9, 2007)

OPINION

HANSEN, *Circuit Judge.*

Frank Haines pleaded guilty to a two-count indictment. Count one charged him with

---

[*]The Honorable David R. Hansen, Senior Circuit Judge of the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

conspiracy to distribute and possess with the intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine, and count two charged Haines with conspiracy to launder monetary instruments. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), & 846; 18 U.S.C. §§ 1956(a)(1)(B)(i), (h).[1] He was sentenced on May 27, 2003, to 120 months of imprisonment, five years of supervised release, and a $12,500 fine. Haines later filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was granted in part due to his trial counsel's failure to file a notice of appeal on Haines' behalf. In light of the recent Supreme Court decision in *United States v. Booker*,[2] the District Court vacated the judgment issued in May 2003 and ordered Haines to be resentenced.

At his resentencing hearing on April 27, 2006, Haines was again sentenced to 120 months of imprisonment, five years of supervised release, and a $12,500 fine. Haines filed this timely appeal, contending that the District Court erroneously believed it was required to sentence him to a statutory mandatory minimum sentence of 120 months of imprisonment on the drug charge, when the statute, 21 U.S.C. § 841(b), arguably allowed the district court to impose a fine in lieu of a prison term.

I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). This appeal involves

---

[1]All references to the United States Code are to those statutes in effect at the time that Haines was sentenced in 2003.

[2]543 U.S. 220 (2005).

2

a question of statutory interpretation, which is subject to plenary review. *United States v.*

*Manzella*, 475 F.3d 152, 156 (3d Cir. 2007).

## II.

Prior to his resentencing, Haines filed a sentencing memorandum with the court,

contending that the District Court was not required to sentence him to a minimum ten-year

term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(ii)(II),[3] but that the District Court

had the option of imposing a fine in lieu of a term of imprisonment. Haines then requested

that the District Court impose only a fine on the drug count, and then impose a term of

imprisonment on the money laundering count that was reasonable in light of the factors set

forth in 18 U.S.C. § 3553(a). The Government opposed Haines' sentencing memorandum,

arguing that the statute required the mandatory term of imprisonment in all cases and that the

imposition of only a fine and no period of incarceration would violate the statute.

---

[3]The relevant portion of 21 U.S.C. § 841(b)(1)(A) states:
Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving – . . . (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of – . . . (II) cocaine, . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . , a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, . . . or both. . . . Any sentence under this subparagraph shall . . . impose a term of supervised release of at least 5 years in addition to such term of imprisonment. . . . The court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

The District Court agreed with the Government and stated that a 120-month term of imprisonment was mandatory pursuant to § 841(b)(1)(A)(ii)(II). Haines now raises this same issue before us, contending that the District Court erred and that the language of § 841(b) clearly authorizes a District Court to impose either a sentence of ten years of imprisonment, a fine, or both.

This is not the first time that we have addressed an argument involving mandatory minimum sentences pursuant to § 841(b). In *United States v. Martinez-Zayas*, we specifically stated that "[w]e cannot envision how Congress could have more clearly expressed its intent" that "any person" convicted of possessing five kilograms or more of cocaine must be sentenced to a mandatory term of ten years in prison. 857 F.2d 122, 128 (3d Cir. 1988). The appellant in *Martinez-Zayas* contended that Congress had not intended that a mandatory ten-year prison term be imposed in every case. We disagreed, and specifically held that the language of the statute and its legislative history provided that anyone convicted of a drug crime involving an amount that fell within the statutory limits was subject to a mandatory term of imprisonment. *Id.* at 129-30. We apply that same reasoning and interpretation of § 841(b)(1) to Haines' argument and join the other courts which have previously held that imposing a fine in lieu of a term of imprisonment does not satisfy the statutory requirements of § 841(b). *See Reed v. United States*, 985 F.2d 880, 883-84 n.5 (7th Cir. 1993) (stating that § 841(b)(1)(A) was not unconstitutionally vague and did not allow a court to choose between imprisonment and a fine when sentencing a defendant); *United States v. McMahon*, 935 F.2d 397, 400 (1st Cir.) (stating that "there is general unanimity

4

across the circuits that, despite the ambiguous delineation of a mandatory . . . prison term in § 841(b)(1)(B), legislative intent compels a prison sentence for an offender who . . . possesses a certain amount of a controlled substance"), *cert. denied*, 502 U.S. 897 (1991); *United States v. Hoyt*, 879 F.2d 505, 511 (9th Cir. 1989) (finding that the language of § 841(b)(1)(A) created some ambiguity but that the legislative history cleared up any doubt on the matter and required a mandatory term of imprisonment and did not allow only the imposition of a fine); *United States v. Musser*, 856 F.2d 1484, 1486 (11th Cir. 1988) (rejecting the appellant's argument that § 841(b)(1)(B) was unconstitutionally vague because it allowed a court to choose between a term of imprisonment or a fine when sentencing because it was clear that "[c]onstruing the subsection as a whole . . . a mandatory term of imprisonment is required"), *cert. denied*, 489 U.S. 1022 (1989).

The Supreme Court's ruling in *Booker* does not impact our interpretation of § 841(b)(1), as *Booker* did not affect the mandatory statutory sentencing scheme imposed by Congress. *United States v Rivera*, 411 F.3d 864, 866 (7th Cir.) (stating that "Booker does not confer on district judges any discretion to give sentences below statutory floors"), *cert. denied*, 126 S. Ct. 493 (2005). As such, the District Court was correct in its determination that it was required to sentence Haines to a minimum of 120 months of imprisonment based upon his guilty plea to the drug charge. Accordingly, we will affirm the judgment of the District Court.