52 F.3d 323
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey WHITTINGTON, Defendant-Appellant.
 No. 94-5475.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1995.
Decided: April 19, 1995.
 
 ARGUED: Jane Charnock, Charnock & Charnock, Charleston, WV, for Appellant. Michael Lee Keller, Assistant United States Attorney, Charleston, WV, for Appellee. ON BRIEF: Rebecca A. Betts, United States Attorney, Charleston, WV, for Appellee.
 Before HALL and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jeffrey Whittington plead guilty to manufacturing a controlled substance, making false declarations to a grand jury, and attempting to escape custody. On appeal, he contests only the quantity of drugs attributed to him at sentencing. Finding no reversible error, we affirm.
 
 I.
 
 2
 On July 22, 1992, a one-count indictment was returned against Whittington in the Southern District of West Virginia charging him with manufacturing a controlled substance, namely the cultivation of 858 marijuana plants, in violation of 21 U.S.C. Sec. 841(a)(1). On August 26, 1992, Whittington entered into a plea agreement, in which he agreed to plead guilty to the charge stated in the indictment. Pursuant to the terms of that plea agreement, Whittington testified before a federal grand jury. The government subsequently moved to void Whittington's plea agreement on the ground that he had testified untruthfully. On November 20, 1992, the district court granted the government's motion.
 
 
 3
 On December 3, 1992, the grand jury returned a seven-count superseding indictment against Whittington, once again charging him with cultivating 858 marijuana plants, along with six additional counts. A second superseding indictment was returned on May 12, 1993, alleging two additional counts, including making false declarations to a grand jury and attempting to escape custody. On April 5, 1994, Whittington entered into a plea agreement in which he agreed to plead guilty to counts one, seven, and nine of the second superseding indictment. At a plea hearing on April 4, 1994, the district court provisionally accepted Whittington's plea agreement pending receipt of a presentence report. Whittington was sentenced on June 15, 1994, at which time the district court, over Whittington's objection, attributed to him the 858 marijuana plants alleged in the indictment. Whittington was sentenced to a term of imprisonment of 188 months to be followed by eight years of supervised release and received a $5,000 fine.
 
 II.
 
 4
 Whittington's principal claim on appeal is that the district court erred at sentencing in attributing to him 858 marijuana plants. In count one of the second superseding indictment, to which he pled guilty, Whittington was charged with cultivating "eight hundred fifty eight (858) marijuana plants." Nevertheless, he asserts that the court improperly relied on his plea agreement in determining the number of plants to be attributed to him for sentencing purposes, and that instead it should have conducted an independent factual examination at sentencing.
 
 
 5
 It is well established that when the amount of drugs for which a defendant is to be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing. United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993). The government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). As we observed in Gilliam, this burden can be met "when a defendant, without reserving his right to challenge the amount for sentencing purposes, pleads guilty to an indictment that attributes a specific quantity of drugs to the defendant." 987 F.2d at 1013. See also United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, --- U.S. # 6D6D6D 6D# , 114 S.Ct. 167 (1993).
 
 
 6
 Here, the district court explicitly relied on Gilliam to conclude that Whittington's plea agreement provided a sufficient basis for attributing to him the 858 marijuana plants alleged in count one of the second superseding indictment. The plea agreement specifically stated that "Mr. Whittington will plead guilty to Count[ ] One ... of said indictment, which charges him with [a] violation[ ] of 21 U.S.C. Sec. 841(a)(1) (cultivation of 858 marihuana plants)...." Whittington's claim that his plea agreement was ambiguous is therefore meritless; the references in the plea agreement to the number of marijuana plants alleged in the indictment were clear and straightforward. His further argument that the plea agreement constituted an implied waiver of his right to contest the amount of marijuana at sentencing and on appeal, and that such waiver must be knowingly and voluntarily made, see United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992), is equally unconvincing. The plea agreement did not constitute a waiver of Whittington's right to appeal, but rather incorporated certain factual admissions on which the district court was entitled to rely. See Gilliam, 987 F.2d at 1013 n. 3 ("a plea of guilty to an indictment that alleges an amount of drugs attributed to a defendant, without reservation by the defendant of the right to challenge the quantity of drugs attributable to him, will be sufficient for a finding by the court that the alleged quantity should in fact be attributed").
 
 
 7
 Nowhere in the plea agreement did Whittington reserve any right to challenge the amount of marijuana for sentencing purposes. His claim that he adequately reserved that right when he submitted written objections to the presentence report prior to sentencing is unpersuasive. During the plea hearing, the district court repeatedly referred to the number of marijuana plants as alleged in the indictment and restated in the plea agreement, without any objection from Whittington or reservation of the right to challenge that number at sentencing, and the court was not required to conduct a second Rule 11 colloquy at sentencing. See United States v. Taylor, 984 F.2d 618, 620-21 (4th Cir.1993) (citing Fed.R.Crim.P. 11). The district court was therefore entitled to rely on Whittington's agreement to plead guilty to count one of the indictment as providing a sufficient basis for attributing to him the 858 marijuana plants alleged there.
 
 III.
 
 8
 Whittington raises two additional issues on appeal. He argues that the word "plant" as employed both in 21 U.S.C. Sec. 841(b)(1) and Sec. 2D1.1 of the United States Sentencing Guidelines is unconstitutionally vague, and that 21 U.S.C. Sec. 841(b)(1) and Sec. 2D1.1 of the Guidelines violate his rights under the Fifth and Eighth Amendments of the Constitution by equating one marijuana plant with one kilogram of marijuana. Whittington failed to raise either of these claims below. Accordingly, pursuant to Fed.R.Crim.P. 52(b) our review is limited to whether they constitute plain error. United States v. Olano, --- U.S. ----, ----, 113 S.Ct. 1770, 1776-79 (1993); United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir.1993). We find no such error here. See United States v. Underwood, 970 F.2d 1336, 1339-40 (4th Cir.1992) (equation of one marijuana plant with one kilogram of marijuana is neither arbitrary nor irrational); United States v. Speltz, 733 F.Supp. 1311, 1312 (D. Minn.) (term "plant" as used in 21 U.S.C. Sec. 841(b)(1) is not overly broad or vague), aff'd mem., 938 F.2d 188 (8th Cir.1990).
 
 Therefore, Whittington's sentence is
 
 9
 AFFIRMED.